**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

EMILIEN PHANOL,
A# 200-353-002,

    Petitioner,

vs.                              Case No. 4:16cv615-MW/CAS

LORETTA LYNCH, et al.,

    Respondents.
_____/

## ORDER and REPORT AND RECOMMENDATION

On October 5, 2016, Petitioner submitted two pro se motions. One motion seeks leave to proceed with in forma pauperis status. ECF No. 2. Good cause having been shown, that motion is granted and Petitioner will not be required to pay the filing fee for this case.

The second motion was "to reopen, and request for stay of deportation." ECF No. 1. Petitioner requests this Court grant his motion to reopen his removal proceedings and reconsider the order of removal. *Id.* at 2. While review of this case was pending, Petitioner filed a third motion,

this time a motion for post-conviction relief, ECF No. 3, requesting that his sentence be vacated, set aside, or modified. Reviewing those two motions together, it appears that Petitioner is a native and citizen of Haiti, admitted into the United States in 1998. ECF No. 1 at 2. Petitioner became a lawful permanent resident in 2009. *Id.*

Petitioner states that he was convicted and sentenced in *this* case, 4:16cv615-MW/CAS, by "the Honorable Judge of the Circuit Court for the Seventeenth Judicial Circuit of Florida." ECF No. 3 at 2. That information is incorrect. Rather, review of the Florida Department of Corrections' website, www.dc.state.fl.us, reveals Petitioner was convicted and sentenced to community supervision on November 23, 2015. Petitioner's conviction was from Leon County, Florida, and, thus, Petitioner's conviction is from the Second Judicial Circuit.

Nevertheless, Petitioner states that he "entered a plea" on November 23, 2015. ECF No. 3 at 2. Petitioner states that he did not file a direct appeal, nor did he file any prior post-conviction motion. *Id.* Thereafter, an Immigration Judge entered an Order of Removal on August 10, 2016, directing Petitioner be removed to Haiti. ECF No. 1 at 5. The Order indicates Petitioner "failed to appear at his/her hearing, and no exceptional circumstances were shown for his/her failure to appear." *Id.* The hearing

was, "therefore, conducted in absentia pursuant to section 240(b)(5)(A)[1] of the Immigration and Nationality Act." *Id.*

Petitioner asserts that when he entered the plea, his "counsel failed to advise" him that there might be immigration consequences. ECF No. 3 at 2. Petitioner contends he "did not know" his "plea could result in deportation." *Id.* Petitioner now seeks to vacate his plea because it was not knowing and voluntarily.[2] *Id.* at 2-4. He states that his motion is timely filed and he is entitled to have his conviction vacated and his plea withdrawn.

Pursuant to Florida Rule of Criminal Procedure 3.850(b), a motion to vacate a sentence may be filed within 2 years after the judgment and sentence become final. Because Petitioner was sentenced just a year ago, such a motion would appear to be timely filed, if filed in state court. This Court, however, lacks authority to grant a Rule 3.850 motion.

---

[1] "If an alien fails to appear at his removal hearing, the [Immigration Judge] must order the alien removed in absentia if the government proves by clear, unequivocal and convincing evidence that the alien received proper notice and is removable." Rahiman v. U.S. Atty. Gen., 479 F. App'x 946, 950 (11th Cir. 2012) (citing INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. §§ 1208.10, 1208.2(c)(3)(ii)).

[2] In Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), the Supreme Court held that under the Sixth Amendment right to effective assistance of counsel, a non-citizen defendant must be advised that his "plea carries a risk of deportation." Padilla, 559 U.S. at 374, 130 S. Ct. at 1486.

Moreover, to the degree Petitioner seeks to reopen his removal proceedings and requests a stay of removal, ECF No. 1, this Court also lacks authority to provide Petitioner relief. Jurisdiction over final removal orders is vested in the circuit courts. 8 U.S.C. § 1252(a)(5).[3] However, it does not appear that jurisdiction would be appropriate in the Eleventh Circuit Court of Appeals at this time because Petitioner must have exhausted administrative remedies prior to seeking judicial relief. 8 U.S.C. § 1252(d)(1). Generally, an alien may file a motion to reopen with the Immigration Court prior to seeking review by the Board of Immigration Appeals and, ultimately, the circuit court. *See* Guang Lin Chang v. U.S. Atty. Gen., 643 F. App'x 864, 867 (11th Cir. 2016) (noting that a petitioner who "is ordered removed in absentia and shows he never received notice of the removal proceeding . . . may file a motion to reopen at any time.").

The Court expresses no opinion on the efficacy or timeliness of any such motion to reopen which Petitioner could file. It is clear, however, that this Court cannot grant Petitioner relief, and this case should be dismissed.

---

[3] In relevant part, the statute provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section." 8 U.S.C. § 1252.

Case No. 4:16cv615-MW/CAS

Accordingly, it is **ORDERED** that the motion for in forma pauperis status, ECF No. 2, be **GRANTED** and Petitioner will not be required to pay the filing fee for this case.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to reopen and request for stay of deportation, construed as a § 2241 habeas petition, and motion for post-conviction relief, ECF No. 3, be **DENIED** for lack of jurisdiction and this case be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 22, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**